IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3075 |
| | : | |
| v. | : | |
| | : | |
| WEIL ANTIQUE CENTER, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                    October 24, 2014

This matter is one of 29 cases filed by the plaintiff *pro se*, Scott J. Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the amended complaint in this case for (1) lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074 (*Melnick v. CNBC Studio*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*). The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

   The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion. The court references the cases only for contextual purposes.

I.      SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendant, Veil Antique Center, by filing a complaint on May 29, 2014. *See* Doc. No. 1. The docket contains a notation that the Clerk of Court's office issued a summons to the plaintiff on June 2, 2014. *See* 5-29-14 Unnumbered Docket Entry Between Doc. Nos. 1 & 2 (showing issuance to plaintiff on June 2, 2014). The plaintiff then filed an amended complaint on July 24, 2014.[2]

In the amended complaint, the plaintiff alleges that he resides in Allentown, Pennsylvania, and the defendant has a business address in Allentown, Pennsylvania. *See* Am. Compl. at ¶¶ 1, 2. He also alleges that he is a United States citizen and the defendant is a United States business. *Id.* at ¶¶ 3, 4. He claims that "[t]his court has jurisdiction, as the agreements made were completed by interstate communications online, telephone, and Facebook." *Id.* at ¶ 5.

As for the substance of his claims, the plaintiff avers that on March 24, 2012, he entered into a "cooperative venture" with the defendant to "win a jackpot lottery." *Id.* at ¶ 8. In this venture, the defendant agreed "to full disclosure of acts performed under [the] agreement and to divulge the winnings of any assigned lottery tickets played by [it] as part of a lottery ticket purchasing agreement." *Id.* at ¶ 9. In addition, the defendant had to disclosure "an income tax statement to [prove] that a lottery was won or not won." *Id.* at ¶ 10.

Despite this agreement, the defendant did not disclose the pertinent tax information to the plaintiff. *Id.* at ¶ 11. Thus, the plaintiff "assume[s], per the agreement," that the defendant won the $656,000,000 Mega Millions lottery prize and failed to disclose it to him. *Id.* The plaintiff claims that defendant's failure to turn over its income tax statement to him constituted a breach of the parties' agreement. *Id.* at ¶ 12. For his requested damages, the plaintiff seeks his share of

---

[2] The plaintiff does not identify the document as an amended complaint; instead, he labels it as a "complaint." By necessity, this second document is an amended complaint.

the $656,000,000 lottery winnings, $63,000,000 in compensatory damages, $9,000 "per lottery claim" for legal fees, and 4% interest on "any money lost during all this time." *Id.* at ¶¶ 13-16.

Although the Clerk of Court issued a summons to the plaintiff on June 2, 2014, there is no indication on the docket that the plaintiff has properly served the summons and the complaint or the amended complaint.

## II.   DISCUSSION

Although there appear to be significant issues with the merits of the claims in the amended complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the defendant may or, most likely, may not have won, the court will not address those issues at this point.  Instead, there are two preliminary issues requiring resolution:  First, it does not appear that the court has subject-matter jurisdiction over this action.  Second, it does not appear that the plaintiff has properly effected service of the summons and the complaint (or the amended complaint) as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Although the only documents of record so far are the complaint and the amended complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*.  *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits.").  If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the amended complaint does not contain any particular averments regarding jurisdiction other than the plaintiff's blanket assertion that the court has jurisdiction because the parties used "interstate communications" to complete the agreement. Am. Compl. at ¶ 5. This allegation, in itself, does not affirmatively show the basis for this court's jurisdiction over this matter. Moreover, the court is unaware of any act of Congress providing the court with jurisdiction by virtue of apparently non-diverse parties' use of interstate communications.

The only document in which the plaintiff attempted to affirmatively identify the basis for the court's subject-matter jurisdiction in this matter was the original complaint. Although the original complaint is no longer the operative document because the plaintiff filed an amended complaint, the court notes that the plaintiff had indicated in the original complaint that the court has federal-question jurisdiction (28 U.S.C. § 1331) over this case. *See* Compl. at 2, Doc. No. 1. In support of this allegation, the plaintiff claims that the following constitutional, statutory, or treaty rights are at issue: "Embezzlement, Theft of Service, Conspiracy, [and] Consumer fraud." *Id.*

Even if the court were to rely on the plaintiff's allegation in the original complaint that he was seeking to invoke the court's jurisdiction over matters involving a federal question, he still has not sustained his burden to show that jurisdiction is proper here. The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the

federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references to embezzlement, theft of service, conspiracy, and consumer fraud, neither the amended complaint nor the original complaint identify what, if any, federal constitutional, statutory, or treaty rights, are essential elements of his claims. Therefore, even if the court incorporates the jurisdictional allegations in the original complaint into the amended complaint, the plaintiff has not properly pleaded the basis for this court's subject-matter jurisdiction over this action.

Concerning the plaintiff's apparent failure to timely serve the complaint (or the amended complaint), the plaintiff filed the original complaint on May 29, 2014. The plaintiff had 120 days from the filing of that complaint, *i.e.* September 26, 2014, to serve the summons and complaint upon the defendant. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed"). The plaintiff has not filed any proof of service indicating that he has effected service of the summons and the complaint (or the amended complaint) in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Additionally, the fact that the plaintiff has filed an amended complaint would not toll the 120-day period for service because the plaintiff is asserting claims in the amended complaint against the same defendant named in the original complaint. *See, e.g.*, *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (same); *Blomquist v. Horned Dorset Primavera, Inc.*, CIV. 13-1835 MEL, 2014 WL 4537056, at

\*3 n.4 (D.P.R. Sept. 11, 2014) (explaining that "the 120–day period for serving process pursuant to Rule of Civil Procedure 4(m) began to run when the original third-party complaint was filed . . . and was not extended due to the amendment, which added only an additional allegation against third-party defendants"); *Torres v. Colvin*, CV-13-2300-PHX-LOA, 2014 WL 2683296, at \*1 (D. Ariz. June 13, 2014) ("The filing of an amended complaint does not restart the 120–day service period against a defendant named in the original complaint under Rule 4(m)."); *Nayak v. CGA Law Firm*, 1:13-CV-2533, 2014 WL 772604, at \*2 n.4 (M.D. Pa. Feb. 25, 2014) ("The filing of an amended complaint does not restart the 120–day period provided by Rule 4(m)."). Accordingly, to date, the plaintiff has not complied with Rule 4(m) by virtue of his failure to serve the summons and either complaint on the defendant and file the appropriate proof of service with the court.

### III.   CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action. Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted). Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, the plaintiff has not complied with Rule 4(m) by serving the summons and the complaint (or the amended complaint) upon the defendant within 120 days of

the filing of the original complaint.  The court notes that with regard to the amended complaint, it does not appear that the plaintiff has requested that the Clerk of Court issue a new summons for service of this amended pleading.  Nonetheless, per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's failure to properly effect service of the summons and the complaint/amended complaint unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he effected service within the 120-day period, or (2) good cause for the failure to effect timely service.  *See* Fed. R. Civ. P. 4(m) (mandating dismissal of action against defendant not timely served within 120 days unless plaintiff shows good cause for failure to serve).

      An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.